CHARLES A. STICKNEY COMPANY, Respondent, vs. LYNCH
and another, Appellants.

*May 2—May 23, 1916.*

*Foreign corporations: Validity of contracts: Interstate commerce:
Consolidation of actions: Bills and notes: Defenses: Separate
contract with agent of payee.*

1. A contract made in this state with an unlicensed foreign corpora-
   tion, but which is not to be complete so as to be binding upon
   such corporation until approved at its home office outside the
   state, is not void under sec. 1770b, Stats.
2. Provisions in such contract that the foreign corporation shall fur-
   nish certain property f. o. b. in this state, and for the filling of
   orders for goods by such corporation and subsequent taking of
   securities therefor, relate to matters of interstate commerce and
   are not within said sec. 1770b.
3. There is no error in refusing to order the consolidation of actions
   which could not have been joined in the first instance because
   brought by different parties and relating in some respects to
   essentially different controversies.
4. In an action upon a note given to a foreign corporation for sam-
   ple machines pursuant to an agency contract between defend-
   ants and the corporation, the defense being the breach of a sec-
   ond contract by the terms of which the traveling salesmen of
   the corporation who negotiated the first contract agreed to sell
   a certain machine for defendants or to take back said sample
   machines and settle with the corporation therefor, findings by
   the court to the effect that such second contract was the per-
   sonal agreement of said salesmen and was not a part of the con-
   tract between defendants and the corporation, are *held* to be
   sustained by the evidence.

APPEAL from a judgment of the circuit court for St. Croix
county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

Action on a $318 promissory note, made by defendants
June 24, 1913, payable to plaintiff on or before one year.
The complaint was in the usual form.

Defendants answered that plaintiff was a Minnesota cor-
poration; that it had never qualified to do business in this

state; and that the note related to property within such state and affects plaintiff's personal liability.

Defendants further answered, counterclaiming that plaintiff made a contract with defendants as part of which the note and another of the same amount payable January 24, 1915, were made, with privilege, as to the second note, of renewal from year to year during the life of such contract; that under such contract defendants purchased some machinery of plaintiff and gave the notes therefor, plaintiff agreeing to sell for them within one year a certain twenty horse-power engine, or to take such machinery at the wholesale price or to settle with them for such notes; that they failed to sell said engine as agreed upon, whereupon defendants returned such machinery and demanded back the notes, which was refused. A copy of the alleged contract was made a part of the answer.

Defendants further counterclaimed, stating the facts alleged in the first counterclaim; that, after the return of the machinery to plaintiff and without defendants' consent, the former delivered to the Merchants National Bank of St. Paul, Minnesota, the second note and that it had commenced an action to recover thereon, claiming to own the same and that plaintiff wrongfully converted the note to its own use to defendants' damage in the sum represented thereby.

Judgment was asked dismissing the complaint and for damages on the second counterclaim.

The contract, as claimed in the answer, consisted of an instrument whereby defendants agreed to act as agents for plaintiff for the sale of machinery in the former's territory in Wisconsin, with business location at New Richmond in said state, and to purchase certain samples of the articles to be dealt in, and to settle therefor by the giving of two notes, being the ones mentioned in the pleadings. The instrument was signed "*Charles A. Stickney Company,* by C. A. Stickney, President, by Riplinger & Hocket, Salesmen, Lynch Brothers, Merchants." It contained a stipulation that it ex-

pressed the entire agreement between the parties and was not to be binding on plaintiff until countersigned by it by some one of its officers at St. Paul, Minnesota.

A second instrument was made, dated the same as the other, and pleaded as a part of it. Such instrument was in these words:

"New Richmond, Wis., Jan. 24, 1913.

"This is to certify that we agree to sell one 20 H. P. tractor L. H. C. Type A. between the ·date of this agreement and the 24th day of January, 1914. If we do not sell this tractor for Lynch Bros. as agreed herein, we agree to take the 1¾ H. P., 3 H. P., 5 H. P., 7 H. P. engines and one small pump jack off their floor and pay the wholesale price for them or settle with the *Charles A. Stickney Co.* of St. Paul, Minn., for notes they have given them for the above mentioned engines.                CHARLES A. STICKNEY CO.,
"By F. F. Riplinger,
"Martin Hocket."

The counterclaim was duly replied to. There was evidence tending to prove the facts found by the court as hereafter indicated; particularly, that the first paper, without the second, was forwarded by the sales agents to plaintiff at St. Paul for approval; that plaintiff did not know anything about the second paper until about the time of the maturity of the first note; that the first paper was made on one of plaintiff's printed blanks while the second was wholly in the handwriting of one of the sales agents; that it was made as a side and personal agreement of the sales agents; and never formed any part of the contract with plaintiff.

The court found as facts: (1) Plaintiff is a Minnesota corporation and has never been licensed to do business in Wisconsin. (2) Defendants' business place is at New Richmond, Wisconsin. (3) January 24, 1913, plaintiff's agents prepared a contract between it and defendants for a sale, by the former to the latter, of certain machinery, which was signed by the agents and defendants. It provided that it

should not be binding on plaintiff until signed and approved by one of its officers at its St. Paul office, and stated that it contained all the agreement between the parties. (4) It provided for the giving of the notes mentioned in the pleadings. (5) It was sent to plaintiff by the agents for approval, duly approved by its president, a duplicate likewise approved was sent to defendants by mail, was received by them, the machinery called for thereby was sent to and received by them, and they executed and delivered the required notes to plaintiff. (6) When the contract was prepared the salesmen drew a second paper, agreeing to sell for defendants within one year an engine then in the latter's possession, or to take the machinery purchased by defendants under their contract with plaintiff and to pay the wholesale price therefor, or to settle with plaintiff for the notes. The paper did not mention any price for the engine; it was signed by the salesmen, personally, and in front of their names, one of them wrote "*Charles A. Stickney Company, By.*" The agreement was never approved by plaintiff, nor authorized by it, nor called to its attention until about the due date of the notes. (7) January 21, 1914, defendants shipped the machinery they received of plaintiff to it at St. Paul, Minnesota; but plaintiff refused to receive the same.

On such findings judgment was ordered and rendered according to the prayer of the complaint.

For the appellants there was a brief by *McNally & Doar*, and oral argument by *W. F. McNally* and *W. T. Doar*.

*Spencer Haven*, for the respondent.

MARSHALL, J. It is contended that the contract and notes given pursuant thereto are void under sec. 1770*b*, Stats., because plaintiff is a foreign corporation and was not licensed to do business in this state. That is plainly ruled to the contrary by the numerous decisions to the effect that such section does not appertain to matters of interstate commerce.

*U. S. Gypsum Co. v. Gleason,* 135 Wis. 539, 116 N. W. 238; *Ady v. Barnett,* 142 Wis. 18, 124 N. W. 1061; *F. A. Patrick & Co. v. Deschamp,* 145 Wis. 224, 129 N. W. 1096; *Holder v. Aultman, Miller & Co.* 169 U. S. 81, 18 Sup. Ct. 269. As there held, a contract made in this state, but not to be complete so as to be binding on the foreign corporation party until approved at its home office outside this state, is not within the statute, and such a contract providing that such corporation shall furnish certain property, f. o. b. in this state, also for the filling of orders for goods by such corporation and subsequent taking of securities therefor, are matters of interstate commerce and so not within the statute.

It is suggested that this action and the one decided herewith on the second note should have been consolidated, under sec. 2610, Stats. 1915. The actions could not have been joined in the first instance, as they were brought by different parties and related, in some respects, to essentially different controversies. Therefore no error was committed in refusing the request for a consolidation.

Aside from the contentions above mentioned, the only matters complained of which seem to merit attention relate to whether the findings of fact are sustained by the evidence. The record has been carefully examined in respect thereto and the argument of counsel for appellants received due consideration, resulting in the conclusion that, under the rule governing the subject, the findings cannot be disturbed.

There seems to be ample evidence to support the view that the agents not only, to the knowledge of appellants, had no right to make such an agreement as that relating to the twenty horse-power tractor, or any contract except subject to the approval of respondent; but that such agreement was not made with respondent,—that it was a personal matter of Riplinger and Hocket which respondent never became a party to. In this particular, there seems to be ample evidence to support the findings. The agreement on its face, in connec-

tion with the evidence, bears quite clear indications that it was a side matter of the agents. It was wholly written by one of them, while respondent's contracts were made on printed blanks furnished for that purpose. It was signed by Riplinger and Hocket, personally, though after such signing, as it seems, Riplinger wrote respondent's corporate name above his and his associate's signatures. That is out of harmony with the body of the paper. The words "We agree" twice used, and the agreement in a specified contingency to take the machinery "off their floor and pay the wholesale price therefor or settle with the *Charles A. Stickney Co.* for notes . . . given them," etc., are inconsistent with the transaction being one to which respondent was a party.

It was conceded that if the agreement to sell the tractor was not a part of the contract with respondent, but was a personal affair of Riplinger and Hocket, the defense based on the contrary view utterly fails. We must sustain the theory that respondent was not such party; that no defense to the note can be found in the findings, and that they are supported by the evidence.

*By the Court.*—The judgment is affirmed.