. 518    SUPREME COURT OF WISCONSIN.    [MAY

Jerome P. Parker-Harris Co. v. Kissel M. C. Co. 165 Wis. 518.

JEROME P. PARKER-HARRIS COMPANY, Appellant, vs. KIS-SEL MOTOR CAR COMPANY, Respondent.

*April 25—May 15, 1917.*

*Contracts: Validity: Interstate commerce: Unlicensed foreign corporation.*

1. A purchase of goods in this state for shipment to and sale in other states constitutes interstate commerce; and the fact that the title to the goods passes to the purchaser in this state is immaterial.
2. The fact that the purchaser in such a case, a foreign corporation, has not complied with sec. 1770*b*, Stats., does not render the contract void on its behalf.

APPEAL from an order of the circuit court for Washington county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

Action for damages for breach of contract. Defendant is a domestic corporation manufacturing motor cars at Hartford, Wisconsin. Plaintiff is a Tennessee corporation domiciled at Memphis, Tennessee. In March, 1910, plaintiff at Hartford, Wisconsin, through its president, entered into an agreement with the defendant whereby the latter allotted to plaintiff the states of Tennessee, Mississippi, Louisiana, and Arkansas for a certain period of time within which to sell defendant's motor cars; and the plaintiff agreed to purchase of the defendant a certain number of motor cars at stated intervals for a specified price f. o. b. cars at Hartford to be shipped as directed by plaintiff, and to be handled by it as independent merchants in the territory above designated. The contract provided that plaintiff was "not to sell said automobiles in any territory than herein specified, except upon written consent of first party [defendant], and in case of unauthorized sales in other territory it will pay to the first party a sum equal to the discount under this contract on the car sold." Plaintiff claims damages because of defendant's delay in filling orders as per contract and because of

its wrongful invasion of plaintiff's territory and the conversion of a deposit made with it.   The defendant, among other defenses, alleged that plaintiff had never complied with the provisions of sec. 1770b, Stats. 1915.   To this defense plaintiff demurred, and from an order overruling the demurrer it appealed.

For the appellant there was a brief by *Stuart H. Markham* and *John Cudahy* of Milwaukee, and oral argument by *Mr. Cudahy.*

For the respondent the cause was submitted on the brief of *Sawyer & Sawyer* of Hartford.

VINJE, J.   The appeal raises the question whether the transactions set out in the statement of facts constitute interstate commerce.   If they do, the provisions of sec. 1770b, Stats. 1915, do not apply to them.   *Charles A. Stickney Co. v. Lynch,* 163 Wis. 353, 158 N. W. 85.   The essential features of the dealings between the parties show that plaintiff's president came to this state to purchase motor cars from a domestic manufacturer to be shipped out of the state and sold in foreign territory.   Such transactions constitute interstate commerce in substantially as pure and simple a form as it is possible to have them occur.   In *Loverin & Browne Co. v. Travis,* 135 Wis. 322, 115 N. W. 829, this court held that transactions involving a physical transfer of merchandise from the possession and title of an owner in one state to the possession and ownership of purchasers in another state are interstate.   That is just what this contract provided for. Defendant argues that the cars might be sold in Wisconsin by obtaining its consent.   True, but that would be making another and different contract.   If sold in this state without its consent, a heavy penalty must be paid.   So it is clear that if the contract actually entered into is observed, the motor cars must be sold in the specified foreign territory and nowhere else.   That the title passes to plaintiff in this state is

immaterial. The fact remains that there was a purchase of goods in one state for shipment to and sale in other states and that constitutes interstate commerce. *Greek-American S. Co. v. Richardson D. Co.* 124 Wis. 469, 102 N. W. 888; *Catlin & Powell Co. v. Schuppert,* 130 Wis. 642, 110 N. W. 818; *Loverin & Browne Co. v. Travis,* 135 Wis. 322, 115 N. W. 829; *United States G. Co. v. Gleason,* 135 Wis. 539, 116 N. W. 238; *F. A. Patrick & Co. v. Deschamp,* 145 Wis. 224, 129 N. W. 1096; *Regina Co. v. Toynbee,* 163 Wis. 551, 158 N. W. 313.

*By the Court.*—Order reversed, and cause remanded for further proceedings according to law.