## NOBLE v STATE

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13022. Decided Dec 19, 1932

Wm. F. Hennessy, Cleveland, for plaintiff in error.

Melville W. Vickery, Cleveland, and Arthur J. McCormick, Cleveland, for defendant in error.

LIEGHLEY, J.

The defendant claims that prejudicial error intervened in the trial court in that the justice overruled his motion for a continuance, and claims as a ground of error that he was deprived of the benefit of the testimony of a witness, Dr. Morris. He claims that the Doctor would have testified that this defendant did only what is termed "Mechanical Dentistry" as distinguished from "Operative Dentistry," which we will discuss later. Under the view that we take of this case this testimony could not have been controlling for the reason that the evidence is overwhelming to the effect that the defendant managed this business as charged in the affidavit, and his testimony therefore could amount to no more than a classification of the work the defendant did. The State disputes the claim of inability of the defendant to procure the attendance of this witness, but under our theory of the case it is immaterial and no prejudicial error can be predicated upon this action of the trial court.

Second, it is claimed by the defendant that he was prejudiced by the fact that private counsel was permitted to represent the State in this prosecution. So long as public funds are not paid out for a service unauthorized by statute, complaint in respect thereto rests upon a slim foundation. If the State Dental Board can procure the services of an attorney free of charge, or has means independent of public funds, by leave of court anyone may act as counsel in these prosecutions.

Third, the sufficiency of the affidavit was raised by motion to quash, and defendant claims that there was prejudicial error in overruling said motion. Many authorities are cited by counsel for the defendant relating to the particularity with which a crime must be charged by affidavit or indictment, and that the facts must be alleged in such particularity as to advise the defendant of the nature of the crime with which he is charged. However, these authorities antedate the enactment of the Criminal Code of 1929, now in force. One of the objects of this recent Criminal Code was to expedite and simplify criminal procedure. The form of the affidavit is prescribed by §13432-18 GC. The simplicity of the language with which a crime may be charged is illustrated by §13437-6 GC. The offense may be charged in the words of the statute, §13437-4 GC. A comparison of the language of this affidavit with the language of the section of the Code will disclose that the affidavit follows the Code. It is our opinion that the affidavit fully advised the defendant of the charge preferred against him.

The affidavit is criticised by reason of the fact that the time is charged in continuendo, and that defendant acted as manager between the 30th day of March, 1931 and the 30th day of March, 1932. The charge is that he acted as Manager, which means such period of time as may be required to establish that he functioned as manager. Any substantial period of time between those dates, if proven, would support the affidavit, whether the time comprised one month or six months.

The place charged in the affidavit is attacked on the ground that the evidence shows that this business was not conducted for the entire period at the address given. It is conceded that during a portion of that period of a year the Company was located at the address given, and even though there had been a mistake as to the address for the entire period so long as the Company

operated in the County of Cuyahoga and was managed by this defendant in manner and form as charged, the affidavit under the statute was subject to amendment upon application.

It is further claimed that specific instances of performing dental operations were necessary to fulfill the requirements of a proper affidavit and charge of unlawfully practicing dentistry. The sections of the new criminal code above referred to, answer this claim. Further, the charge is that defendant acted as manager of a place for performing dental operations without being a licensed dentist, which charge precludes the necessity of specification of instances.

A point is sought to be made and is stressed, grounded upon the theory that there is a distinction between so-called "mechanical" and "operative" dentistry. It is earnestly asserted that no license is required for doing mechanical dentistry, but only for practicing operative dentistry. Adopting our own definitions of these two terms, then we are inclined to agree with this claim. If "mechanical dentistry" be the making of plates or sets of teeth or fillings or crowns, and so forth, from impressions taken by a licensed dentist, then we are inclined to agree that such labor need not be covered by State license. But we include in the term "operative dentistry" all activities and examinations of the mouth of the patient leading to, and the making of, such impressions.

The proof in this case established beyond question of doubt that this defendant acted for a period of time as manager of this company; that with few exceptions he interviewed the patients as they appeared and made the initial examination and diagnosis; that he entered the result of his examination and diagnosis on a so-called chart; that the chart and patient were then sent to a licensed dentist in the employ of the company; that the licensed dentist was required to and did follow the diagnosis entered on the chart except for something that might arise while the dentist was performing the work prescribed by the diagnosis.

Counsel for defendant seem to urge and claim that this work performed by the defendant should be classed as "mechanical dentistry" and not "operative dentistry." With this claim we cannot agree. While it is true that §1329 GC enumerates certain operations and treatments that constitute dentistry for which a license is required, yet the diagnosis of the needs of the patient is a presumed condition precedent to any operation or treatment. The patient goes to a dentist to ascertain whether the teeth or jaws need treatment for disease or dental work, or whether or not there are any malpositions or malformations that require attention, and the successful determination of such needs rests and depends upon the learning, skill and experience of the members of the dental profession, and presumably possessed by them exclusively.

Growing out of this claimed distinction and grounded upon it, it is asserted that the statute is unconstitutional, and especially so, if a license is required for one who performs only mechanical dentistry including the diagnosis of the needs of the patients as performed by this defendant. We are of the unanimous opinion that this statute is constitutional, and that diagnosis is indispensably essential to and necessarily comprehended by and within the terms used to define operative dentistry or practicing dentistry in §1329 GC.

Authorities have been cited to us to the effect that most of the States of the Union have declared constitutional like or similar statutes controlling and regulating the dental and medical professions.

It is sufficient to call attention to the authorities in the State of Ohio which are cited as support for the text in 8 **Ohio Jurisprudence, §289, page 412**, as follows:

"It is a well-settled principle of law that the legislature has the power for the protection of the public, to regulate the practice of any particular profession which requires the possession of special knowledge, skill and training in its exercise. Such professions include those of attorneys at law, dentists, pharmacists and physicians and surgeons."

Finding no error in the record prejudicial to the rights of the defendant,—the plaintiff in error,—the judgment is affirmed, with exceptions.

LEVINE, PJ, and WEYGANDT, J, concur in judgment.