Rust and another, Appellants, vs. State Board of Dental Examiners, Respondent.

*September 12—October 9, 1934.*

For the appellants there was a brief by *Bowman, Hofer & Minor* of Milwaukee, and oral argument by *Geo. A. Bowman*.

For the respondent there was a brief by the *Attorney General, Herbert H. Naujoks* and *Warren H. Resh*, assistant attorneys general, and *Fred W. Armstrong* of Madison, and oral argument by *Mr. Naujoks*.

FAIRCHILD, J. Appellants desire to restrain respondent from conducting a hearing which respondent is seeking to initiate in a matter affecting the appellants. The constitutionality of reasonable regulations over the dental profession has been upheld. In fact, appellants concede that in the interest of public health, morals, and welfare the state may enact such measures into the law. The court below correctly ruled that no occasion existed for the granting of the relief prayed for by the appellants. The creation of the State Board of Dental Examiners and the conferring upon them of the power of investigation and of holding hearings in certain matters specified in the statute are well within the constitutional requirements of an effective law. We consider that it is established that the legislature may enact legislation designed to accomplish the regulation of matters properly within the legislative field, and may authorize an administrative commission, within valid limits, to provide rules and regulations for the administration and enforcement of the law within its expressed general purpose. This includes the

right to conduct investigations and hold hearings pertinent to such purpose. *State v. Atlantic Coast Line R. Co.* 56 Fla. 617, 47 So. 969; 32 L. R. A. (N. S.) 639, and note; *State ex rel. Milwaukee Medical College v. Chittenden,* 127 Wis. 468, 107 N. W. 500; *Chicago & N. W. R. Co. v. State,* 128 Wis. 553, 628, 108 N. W. 557; *State ex rel. Ellis v. Thorne,* 112 Wis. 81, 87, 87 N. W. 797; *State ex rel. Wisconsin Inspection Bureau v. Whitman,* 196 Wis. 472, 220 N. W. 929.

As to the contention that the board is without jurisdiction to hold the proposed hearings affecting the appellants' relation to the dental profession, based on the allegation that neither of them are licensed to practice, it may be said that the fact that the appellants do not actually engage in the performance of operations is not controlling. The law contemplates regulation of the profession to such an extent as to protect the public, not only against the acts of unprofessional conduct of licensed dentists, but also against those who, by management or some other intimate relation, are in charge of those who are practicing dentistry under a single management. The method of operating a dental corporation, the securing of patients desiring dental treatment by licensed dentists, is a proper subject of regulation under a system which recognizes the practice as a profession. The contract for the dental work is consummated between the appellants and the patient, the advertising by the corporation is also the act of the appellants, and in this manner they are holding themselves out as licensed dentists. The state in its sovereign capacity is vested with police power which includes the power to conserve and protect the public health. *People v. Painless Parker, Inc.* 85 Colo. 304, 275 Pac. 928; *Price v. State,* 168 Wis. 603, 171 N. W. 77; *Noble v. State,* 44 Ohio App. 10, 184 N. E. 528. In the case of *Painless Parker v. Board of Dental Examiners,* 216 Cal. 285, 14 Pac. (2d) 67, the court, in answer to the contention that there is a distinction between

the practice of dentistry and the purely business side of the practice, states:

"The law does not assume to divide the practice of dentistry into such departments. Either one may extend into the domain of the other in respects that would make such a division impracticable if not impossible. The subject is treated as a whole. If the contention of the appellants is sound, then the proprietor of the business may be guilty of gross misconduct in its management and violate all standards which a licensed dentist would be required to respect and stand immune from any regulatory supervision whatsoever. His employee, the licensed dentist, would also be immune from discipline upon the ground that he was but a mere employee and was not responsible for his employer's misconduct, whether the employer be a corporation or a natural person. On grounds of public policy such a condition could not be countenanced.

"No one would dispute the right of any person to own a dental office or dental equipment. The question most appropriate here is whether the thing owned is used for a given purpose by a person lawfully entitled to so use it. Ownership is not the absolute test of the right of use."

Such statutes as the one in question are not passed for the purpose of promoting the personal ends of individuals, but are statutory enactments in the exercise of the police power of the state to legislate for the safety, health, and welfare of the people. *Ex parte Whitley,* 144 Cal. 167, 77 Pac. 879; *Noble v. State, supra.*

Sec. 152.06 (3) and (4), Stats., provides that the board may on its own motion make investigations and conduct hearings "in regard to the action of any licensed dentist and dental hygienist or any person who it has reason to believe is acting or has acted in such capacity within the state." Sec. 152.01 (5) permits the subpœna of persons, whether they are licensed dentists, patients, or casual observers, having information the board finds material to the matter under investigation by them. The enactment and enforcement of

such provisions violate no constitutional rights of the appellants. Whether certain other provisions of this act lie outside the scope of reasonable regulation we need not determine. The statute is one which is plainly severable in its various provisions, and the invalidity of any part thereof would not affect the validity of the valid parts.

The sufficiency of the notice set forth in the statement of facts is called in question. While it may be said to be lacking in fulness of detail or of a careful statement of the charges, if any, which the board has under consideration, still this does not warrant the granting of injunctional relief. In case of one accused of a violation of the laws regulating the dental profession, a reasonable interpretation of the law requires the board to serve a copy of the complaint upon him when so accused. The appellants, if subjects of such accusation, are afforded the opportunity of demanding a proper complaint in the proceeding itself.

The granting of an injunction in proceedings of this nature does not follow as a matter of course, and that remedy usually is made available only when necessary to preserve the *status quo* of the parties or to prevent a multiplicity of suits; the proposed proceedings cannot so result. The investigation and hearing is single in nature, dealing with a single complaint. *Wadhams Oil Co. v. Tracy,* 141 Wis. 150, 123 N. W. 785; *Benz v. Kremer,* 142 Wis. 1, 125 N. W. 99; *First National Bank v. Albright,* 208 U. S. 548, 28 Sup. Ct. 349.

*By the Court.*—Order affirmed.