Bulova Watch Company, Inc., Appellant, vs. Anderson, Respondent.

*April 6—May 3, 1955.*

For the appellant there were briefs by *Rice & Ramsey,* attorneys, and *Richard M. Rice* of counsel, all of Milwaukee, and oral argument by *Richard M. Rice.*

For the respondent there was a brief and oral argument by *Paul E. Bornemann* of Milwaukee.

CURRIE, J.  The sole reason which was assigned by the learned trial judge for his sustaining of the demurrer was his conclusion that the plaintiff foreign corporation lacked capacity to sue under sec. 180.847, Stats.  Sub. (1) of such statute provides as follows:

"No foreign corporation transacting business or acquiring, holding, or disposing of property in this state without a certificate of authority, if a certificate of authority is required under this chapter, shall be permitted to maintain or defend a civil action or special proceeding in any court of this state, until such corporation shall have obtained a certificate of authority. . . ."

Sec. 180.801, Stats., provides that a foreign corporation shall procure a certificate of authority from the secretary of state before it shall transact business in the state, but certain listed activities are excluded from such requirement.  None of the exceptions of such statute are applicable to the facts of the instant case.  However, sec. 180.849 [1] makes it clear that the mere institution of suit by the plaintiff is not an act which constitutes the transacting of business within the state and examination of the allegations of the complaint discloses that the plaintiff does not allege that it performed any act within the state of Wisconsin.

---

[1] Sec. 180.849  SUITS BY AND AGAINST FOREIGN CORPORATIONS.  The prosecution or defense of an action or proceeding in any court of this state by a foreign corporation shall in itself not constitute the transacting of business within the state, and a foreign corporation is authorized to prosecute or defend any action or proceeding which a domestic corporation may prosecute or defend except as the same is expressly prohibited or limited by this chapter or other applicable provisions of law. . . .

The "fair trade" contract entered into between plaintiff and Steller's, Inc., constituting Exhibit "A" of the complaint, is entirely silent as to whether such contract was executed within or without the state. If the making of such contract was incidental to the sale and shipment of plaintiff's products in interstate commerce, such transaction would be exempt from the requirement of sec. 180.801, Stats., under the decisions of this court in *Standard Sewing Equip. Corp. v. Motor Specialty* (1953), 263 Wis. 467, 57 N. W. (2d) 706; *Charles A. Stickney Co. v. Lynch* (1916), 163 Wis. 353, 158 N. W. 85; and *Jerome P. Parker-Harris Co. v. Kissel M. C. Co.* (1917), 165 Wis. 518, 163 N. W. 141. Furthermore, even if the contract were not incidental to interstate commerce, there is no presumption that it was made in Wisconsin, because if there is any inference to be drawn as to the place of making the contract it is that plaintiff would not violate the law by transacting business within the state without first obtaining a certificate of authority. *Standard Sewing Equip. Corp. v. Motor Specialty, supra,* at page 475.

Counsel for the defendant contends that the performance of the contract between Steller's, Inc., and plaintiff, requiring as it does sales of merchandise in Wisconsin at prices set by plaintiff pursuant to such contract so as to gain for the plaintiff the benefit of the provisions of the Wisconsin Fair Trade Act, constitutes the transacting of business within the state by plaintiff. In support of such contention, counsel cites syllabus 1 of *Weco Products Co. v. Reed Drug Co.* (1937), 225 Wis. 474, 274 N. W. 426, wherein it is stated:

". . . and the contracts in issue, being by express provision therein applicable only to transactions consummated in the state of Wisconsin and not elsewhere, did not affect interstate commerce, and, therefore, did not violate the Federal Anti-Trust Laws."

The transactions referred to in the foregoing quotation were the sales by a Wisconsin retailer of goods whose prices

had been fixed pursuant to a "fair trade" contract, and not the original sale of the goods from the out-of-state manufacturer. In the instant complaint there is no allegation that either Steller's, Inc., or the defendant, in selling Bulova watches in Wisconsin was acting as agent of the plaintiff foreign corporation. Without such an allegation of agency, the sales made at retail by either Steller's, Inc., or the defendant, would not constitute the transacting of business within the state by the plaintiff. *Heinrich Chemical Co. v. Herman* (Mo. App. 1923), 251 S. W. 162; *Procter & Gamble Co. v. King County* (1941), 9 Wash. (2d) 655, 115 Pac. (2d) 962.

So far as the contract between plaintiff and Steller's, Inc., affects retail sales of plaintiff's products in Wisconsin disassociated from interstate commerce, the state has the power to regulate the operation of such contract. 23 Am. Jur., Foreign Corporations, p. 217, sec. 248. However, this is not on the theory that plaintiff is transacting business in the state but on the ground that the contract operates in Wisconsin. In order for a foreign corporation to transact business in a state it must be physically present within the state in the sense of having an officer or agent there who is performing some act on behalf of the corporation. In cases where foreign corporations ship merchandise in interstate commerce on consignment into a state to be sold on commission, the consignment contracts usually provide the conditions under which the consignees are to hold and make sale of the goods. However, in such a situation, the acts of the consignee in selling the goods do not become those of the foreign corporation merely because the latter limits or regulates the manner, place, time, terms, or details of the sales. 17 Fletcher, Cyc. Corp. (perm. ed.), p. 521, sec. 8484. We deem that the same principle applies to the carrying out in Wisconsin of the terms of the "fair trade" contract entered into between plaintiff and Steller's, Inc.

It is, therefore, our conclusion that it was error to have sustained the demurrer to plaintiff's amended complaint on the ground that plaintiff lacked legal capacity to sue because of failure to have obtained a certificate of authority to transact business within the state.

However, it is the further position of counsel for the defendant that the demurrer should have been sustained on the ground that the amended complaint failed to state facts constituting a cause of action for the following reasons:

(1) The failure to allege that defendant *"wilfully and knowingly"* sold the Bulova watch at less than the price stipulated in the contract entered into between plaintiff and Steller's, Inc.

(2) That sec. 133.25, Stats., is unconstitutional in so far as it relates to nonsigners of a "fair trade" contract such as was the defendant.

Sub. (5) of sec. 133.25, Stats., provides as follows:

*"Wilfully and knowingly* advertising, offering for sale, or selling any commodity at less than the price stipulated in any contract referred to in subsection (3), whether or not the person so advertising, offering for sale, or selling is a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby." (Italics supplied.)

Paragraph 4 of plaintiff's amended complaint alleges that on June 30, 1953, plaintiff sent by registered mail to the defendant a true and correct copy of the "fair trade" contract entered into with Steller's, Inc., including a retail price list setting forth the minimum resale price of plaintiff's products. Paragraph 5 of the amended complaint avers on information and belief that defendant, subsequent to July 2, 1953 (the date he receipted for the registered mail sent to him by plaintiff as alleged in paragraph 4), sold a certain model Bulova watch for $55 "of which defendant had notice" the minimum resale price was $71.50 according to the price list he had so received by registered mail from plaintiff. We deem such

allegations are sufficient to establish that defendant *"wilfully and knowingly"* sold the watch at less than plaintiff's stipulated resale price as fixed by the Steller's, Inc., contract.

The constitutionality of sec. 133.25, Stats., as to non-signers of fair-trade contracts was upheld by this court in *Weco Products Co. v. Reed Drug Co., supra,* in a very carefully written opinion by Mr. Justice (later Chief Justice) FRITZ. We are aware that the courts of Arkansas, Florida, Georgia, Michigan, and Nebraska have held to the contrary, but our decision in the *Weco Products Co. Case* is in accord with the great majority of courts in other jurisdictions which have passed on this issue of constitutionality as to nonsigners. For a review of the authorities see *McGraw Electric Co. v. Lewis & Smith Drug Co.* (Neb. 1955), 68 N. W. (2d) 608. The constitutional question arises under the "due process" clause of the Fourteenth amendment to the United States constitution. The United States supreme court is the final arbiter of such constitutional question and until such time as that court has ruled on this particular issue we consider ourselves bound by our decision in the *Weco Products Co. Case.*

This appeal was originally scheduled for argument on March 10, 1955. On February 18, 1955, counsel for defendant served on the attorneys for plaintiff a notice of motion to dismiss the appeal on the grounds: (1) That, although the undertaking on appeal was timely filed with the clerk of circuit court no copy of the same had been served upon counsel for defendant; and (2) that the printed brief served by the attorneys for the appellant-plaintiff contained no appendix. Such motion to dismiss was argued on March 7, 1955, at which time the attorneys for plaintiff assured this court that they were in the process of reprinting appellant's brief so as to contain an appendix. Upon this assurance we directed that the argument on appeal be postponed until the April assignment and denied the motion to dismiss. We did not dismiss for failure to serve a copy of the undertaking

because we concluded that the appeal had been attempted in good faith within the meaning of sec. 269.51 (1), Stats., and that defendant had sustained no prejudice inasmuch as the undertaking filed with the clerk was executed by a licensed surety corporation. However, we deem that some penalty should be imposed upon the appellant-plaintiff for failure to comply with the statutory requirements with respect to serving a copy of the undertaking upon opposing counsel and the failure to include an appendix in the appellant's first brief served. Therefore, we are allowing $25 costs to defendant upon the motion to dismiss the appeal, the same to be offset against the costs taxable by plaintiff on the appeal.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order overruling the demurrer. Defendant shall be entitled to a credit of $25 upon the costs to be taxed herein by plaintiff for the reason set forth in the opinion.