FROMM & SICHEL, INC., Appellant, v. RAY'S BROOKFIELD, INC., and others, Respondents.

*November 4—November 29, 1966.*

For the appellant there was a brief by *Wickham, Borgelt, Skogstad & Powell,* and oral argument by *John U. Schmid, Jr.,* all of Milwaukee.

For the respondents there was a brief and oral argument by *Francis X. Krembs* of Milwaukee.

HEFFERNAN, J. This court has previously upheld the constitutionality of portions of sec. 133.25, Stats., the "Fair Trade Act." *Ed. Schuster & Co. v. Steffes* (1941), 237 Wis. 41, 295 N. W. 737; *Weco Products Co. v. Reed Drug Co.* (1937), 225 Wis. 474, 274 N. W. 426; *Bulova Watch Co. v. Anderson* (1955), 270 Wis. 21, 70 N. W. (2d) 243. At oral argument the defendants stated that they did not challenge the constitutionality of the pertinent statutes; consequently, that question is not before this court. The question is merely whether the schedule circulated by the distributor sufficiently apprised the defendants of the prices entered into pursuant to the fair-trade contracts, so that defendants' sale at a lesser price constituted a knowing and wilful violation. The trial judge took the position that the price was predicated upon a contract to which the defendants were not signatories and that, in order for the defendants to be held to the contract price, they should be given a reasonable notice advising the defendants of the pricing schedule and should not be bound by a schedule requiring interpretation at the defendants' peril. We conclude that the schedule did give reasonable notice of the contract prices.

The defendants, however, in effect, argue that the schedule should be strictly construed and since it does not, in so many words, make the single-bottle price applicable to multiples of one, it should be concluded that the schedule does not include such sales. Such an interpretation applying the rule of strict construction is directly contrary to the provisions of the statute. Sec. 133.25, Stats., provides, in part, that:

"(5) Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract referred to in subsection (3), whether or not the person so advertising, offering for sale or selling is a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."

Sec. 133.27, Stats., provides that sec. 133.25 and its related "sections shall be liberally construed so that their beneficent purposes may be subserved." Thus, under the statute, this court must liberally construe the words, "at less than the price stipulated in any contract" and "wilfully and knowingly," so as to preclude any offensive evasions of the fair-trade laws if it is possible reasonably to do so. The schedule indicates the bottle price at which "fifths," "quarts," etc., must be sold. It also indicates that "quarts" and "fifths" may be sold at a special price if sold in three-bottle lots. The defendants urge that the word, "bottle," has the grammatically restrictive effect of setting the price only for single-bottle sales and the sale of any number of bottles, other than those restricted lots (single sales and lots of three) could be made at any price. Whatever validity the plaintiff's argument might have in the absence of a statute is not now before us. We conclude that its position is not supportable in view of the legislature's mandate of liberal construction of the sections, "that their beneficent purposes may be subserved." The narrow construction advanced by the defendants would clearly subvert rather than subserve the purposes of the statute. We conclude that, in light of the statutory mandate for construction, the schedule supports the plaintiff's position construing bottle price to mean the price for each and every bottle irrespective of lot (except for lots of three, for which an exception is made). The violation of that schedule is "knowing and wilful," particularly when the defendants admit that they were informed prior to suit that the contracts themselves precluded the pricing they were using. We are, therefore, obliged to reverse.

Under usual circumstances, where the plaintiff has asked for an injunction and the trial court has determined that his complaint states no cause of action, we would, upon reversing, if the facts made such action appropriate, direct the entry of an injunction, or if further fact-

finding were necessary, we would refer the matter to the trial court to determine whether present conditions of fact permit or require the court to issue the requested injunction. *Condura Construction Co. v. Milwaukee Building & Construction Trades Council* (1959), 8 Wis. (2d) 541, 546, 99 N. W. (2d) 751. In this case, however, we conclude that an injunction should not be issued. The facts before this court indicate that, on the day after the trial in this action was commenced, the plaintiff circulated a new list price that defendants admit precludes the special discount prices for six-bottle lots, and defendants, during oral argument, stated they have stopped the complained-of practice and have no intention of resuming sales that contravene the new schedule. It is familiar Wisconsin law that "the granting or withholding of injunctions lies within the sound discretion of the trial court." *Webster v. Dane Corp.* (1960), 9 Wis. (2d) 437, 440, 101 N. W. (2d) 616. "Injunctions are not to be issued lightly." *Bartell Broadcasters, Inc., v. Milwaukee Broadcasting Co.* (1961), 13 Wis. (2d) 165, 171, 108 N. W. (2d) 129. The "remedy usually is made available only when necessary to preserve the *status quo* of the parties or to prevent a multiplicity of suits." *Rust v. State Board of Dental Examiners* (1934), 216 Wis. 127, 132, 256 N. W. 919. The general rule is that, "Injunctions do not issue for inconsequential or trivial causes." *Milwaukee Electric Railway & Light Co. v. Pallange* (1931), 205 Wis. 126, 134, 236 N. W. 549. They "should only be granted where there is an irreparable injury." *Kuntz v. Werner Flying Service, Inc.* (1950), 257 Wis. 405, 410, 43 N. W. (2d) 476, quoting from *Maitland v. Twin City Aviation Corp.* (1949), 254 Wis. 541, 37 N. W. (2d) 74. In addition, "Past injuries are in themselves no ground for an injunction, and it is only granted when necessary to restrain irreparable mischief, suppress oppressive and interminable litigation, or prevent a multiplicity of suits." *Cobb v. Smith* (1863), 16 Wis. 692, 697.

We conclude that since the plaintiff sought a permanent injunction and that the acts which it seeks to enjoin have now ceased, the issuance of an injunction would be a frivolous and unnecessary exercise of equity power. Accordingly, the judgment of the trial court is reversed, with the proviso, however, that the requested permanent injunction be denied.

*By the Court.*—Judgment reversed.