**TRADE SECRETS BEAUTY PRODUCTS, INC., Plaintiff,**

v.

**AERIAL COMPANY, Reliable Beauty & Barber Supply, Inc. and Redken Labs, Inc., Defendants.**

No. 84–C–0531.

United States District Court, E.D. Wisconsin.

Aug. 3, 1984.

James Ward, Congdon & Ward, S.C., Waukesha, Wis., Fond du Lac, Wis., for plaintiff.

Mi hael r'. Husmann, Michael, Best & Friearich, Milwaukee, Wis., for Aerial Co.

Robert V. Abendroth, Whyte & Hirschboeck, Milwaukee, Wis., for Reliable Beauty & Barber Supply.

T. Michael Bolger, David R. Cross, Quarles & Brady, Milwaukee, Wis., for Redken Labs, Inc.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court is the motion of defendant Redken Labs, Inc. to quash process for insufficiency of service and for dismissal of the complaint against it. The Court, having carefully considered this matter, concludes, for the reasons articulated herein, that this motion should be granted.

## BACKGROUND

This action was initiated on April 24, 1984, when the plaintiff filed its complaint alleging principally that defendant Redken Labs, Inc. ("Redken"), the manufacturer of certain beauty products, had conspired with two local distributors, defendants Aerial Company and Reliable Beauty & Barber Supply, Inc., to prevent them from selling Redken products to the plaintiff. Count One of the complaint charges that this conspiracy was "undertaken by defendants ... to restrain trade in interstate commerce for Redken products, and to preclude plaintiff and other retail dealers marketing Redken products from dealing in interstate commerce except on the terms controlled by defendant Redken in violation of Title 15 U.S.C. § 1...." Plaintiff's *Complaint* at 3 (April 24, 1984).

The second count of the complaint alleges that the defendants' refusal to sell Redken products to the plaintiff since April 12, 1984, constitutes a violation of Wis.Stat. § 133.03(1), making illegal every "contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce...." Count Three charges that the alleged agreement among the defend-

ants to terminate the plaintiff's dealership without good cause is violative of the Wisconsin Fair Dealership Law, Wis.Stat. § 135.01 *et seq.*

Based on these allegations and the additional claim that it has sustained and continues to suffer injury to its business as a result of the defendants' unlawful acts, the plaintiff seeks temporary and permanent injunctive relief, declaratory judgment, treble damages, and costs and attorneys' fees.

Although not made a part of the Court's file or that retained by the Clerk of Court until July 10, 1984, the plaintiff prepared and served an amended complaint on or about May 17, 1984. The only significant change in the amended complaint is the removal of the request for a jury trial, incorporated in the original.

On June 20, 1984, Aerial Company filed its answer to the amended complaint, denying all substantive allegations against it, including that it has acted in violation of either the federal or state antitrust laws in refusing to sell Redken products to the plaintiff. Some three weeks later, on July 10, 1984, Reliable Beauty & Barber Supply, Inc. answered the amended complaint, likewise denying the plaintiff's substantive charges and raising five affirmative defenses—among them, that the plaintiff "improperly procured occasional shipments of Redken products from Reliable by knowingly representing itself to be a licensed salon capable of performing all the professional cosmetological services necessary to the authorized purchase, use and marketing of said products when, in fact, [the plaintiff] knew it was not at all times capable of performing such services...." Defendant Reliable Beauty & Barber Supply, Inc.'s *Answer To Amended Complaint* at 5 (July 10, 1984).

While there is thus no present issue regarding the effectiveness of service as to defendants Aerial Company and Reliable Beauty & Barber Supply, Inc., defendant Redken has, to date, declined to answer the amended complaint on the basis that the plaintiff's attempt to serve it, pursuant to Wis.Stat. § 180.847(4), is ineffective. By its present motion, Redken seeks an order quashing process for just this reason and dismissing the complaint for insufficiency of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

In its supporting brief, Redken states that the plaintiff first attempted to effect service on it by mailing copies of the summons and complaint and seeking Redken's consent to service under cover of a letter dated April 27, 1984. As it is entitled to do under Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure, Redken declined to consent to service through the mail and so notified the plaintiff's lawyer of its decision in this regard by telephone conversation of May 22, 1984.

In its second attempt at service—the attempt upon which the present motion is premised—the plaintiff apparently invoked Rule 4(d)(3) of the Federal Rules of Civil Procedure and section 180.847(4) of the Wisconsin statutes, which in tandem prescribe a method for serving foreign corporations that transact business in Wisconsin without certificates of authority.[1] Redken maintains that the plaintiff's attempt at service under section 180.847(4) is ineffective since it does not "transact business" as that phrase is defined in Wis.Stat. § 180.-801(4). It is on this basis that Redken seeks to have process quashed and the complaint against it dismissed.

In support of its contention that it falls within one of the specific, statutorily-prescribed exemptions for sales activities otherwise within the definition of "transacting business," Redken has provided the Court with the affidavit of one D. James Pekin, Redken's Vice President, General Counsel,

---

**1.** Rule 4(d)(3) of the Federal Rules of Civil Procedure prescribes a method for serving, among other entities, a foreign corporation subject to suit under a common name "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

and Secretary. In his affidavit, Mr. Pekin notes, among other things, that Redken does not transact business in Wisconsin and accordingly does not hold a certificate of authority to transact business under the Wisconsin Business Corporation Law, Wis. Stat. § 180.01 *et seq*. He further states that Redken owns no personal or real property in Wisconsin, maintains no office within the state, and inventories no goods within its borders.

As to the status of three Redken representatives who do reside and work in Wisconsin and two out-of-state sales managers, Mr. Pekin reports as follows:

> Their duties involve training distributors and salon personnel in the proper use of Redken products. Incidental to their training activities, these representatives occasionally relay orders from salon owners to distributors.

> Sales of Redken products to Wisconsin distributors are made by David Doyle, Regional Sales Manager, and Jerry Gister, District Sales Manager. David Doyle lives in Illinois, and has responsibility for sales in Wisconsin, Michigan, Ohio, Northern Kentucky, Western Pennsylvania, and half of Illinois. Jerry Gister lives in Illinois, and has sales responsibilities in Wisconsin and the Chicago area, including Hammond, Indiana. Messrs. Doyle and Gister personally solicit and procure orders from distributors, but *they have no authority to accept orders. All orders are subject to the approval of Redken at its home office in California.*

*Affidavit* of D. James Pekin at 1–2 (June 26, 1984) (emphasis added). Finally, Mr. Pekin affirms that Redken does all of its billing from its principal place of business and home office in Conoga Park, California, and ships its products to its Wisconsin distributors from either its headquarters in California or its warehouse facility in Kentucky.

The upshot of Redken's argument is that the nature and scope of its activities within Wisconsin are so limited as to bring it outside the reach of the statute prescribing a method for service on foreign corporations through the secretary of state. Since this statute, Wis.Stat. § 180.847(4), is precisely the one invoked by the plaintiff to effect service on Redken, that process should be quashed and the complaint against this defendant dismissed, or so the argument goes.

The fourteen-day period during which a response to a motion such as this may be made under Local Rule 6.01 has now passed, and the plaintiff has filed no opposing brief. Accordingly, the Court must now resolve the petition solely on the basis of Redken's motion papers and the law applicable under the present circumstances.

### SECTIONS 180.847(4) & 180.801(4) AND DEFENDANT REDKEN'S CHALLENGE TO THE SUFFICIENCY OF PROCESS

As defendant Redken has accurately noted in its supporting brief, Wis.Stat. § 180.847(4) provides a means for service, through the secretary of state, on foreign corporations that transact business without a certificate of authority. That statute reads as follows:

> (4) A foreign corporation transacting business in this state without a certificate of authority, if a certificate of authority is required under this chapter, shall by so doing be deemed to have thereby appointed the secretary of state as its agent and representative upon whom any process, notice or demand may be served in any action or proceeding arising out of or relating to any business so transacted within this state. Service of such process, notice or demand shall be made by serving a copy upon the secretary of state or by filing such copy in the secretary's office, and such service shall be sufficient service upon said foreign corporation, provided that notice of such service and a copy of the process, notice or demand are within 10 days thereafter sent by mail by the plaintiff to the defendant at its last-known address, and that the plaintiff's affidavit of compliance herewith is ap-

pended to the process, notice or demand. The time within which the defendant may answer or move to dismiss under s. 802.-06(2) shall not start to run until 10 days after the date of such mailing. The secretary of state shall keep a record of all such processes, notices and demands which shows the day and hour of service, and the date of mailing.

The record in this case clearly shows that the secretary of state acknowledged receipt of the summons and complaint for service on defendant Redken by certificate dated May 25, 1984.

While not disputing the legitimacy of that document, the defendant contends, as stated above, that it does not "transact business" in Wisconsin for purposes of this special service statute and invokes Wis. Stat. § 180.801(4) in support of its position:

(4) Without excluding other activities which may not constitute transacting business in this state, *a foreign corporation shall not be considered to be transacting business in this state, for the purpose of this chapter, by reason of carrying on in this state any one or more of the following activities:*

(a) Holding meetings of its directors or shareholders or carrying on other activities concerning its internal affairs.

(b) Maintaining bank accounts.

(c) Maintaining offices or agencies for the transfer, exchange and registration of its securities, or appointing and maintaining trustees or depositories with relation to its securities.

(d) *Soliciting or procuring orders, whether by mail or through employes or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts.*

(e) Creating evidences of debt or mortgages or liens on real or personal property located outside of this state.

(f) Securing or collecting debts other than for money loaned or enforcing any rights in property securing the same (emphasis supplied).

It is plain from the information provided in Mr. Pekin's affidavit, as described above, that while Messrs. Doyle and Gister, defendant Redken's regional and district sales managers, respectively, do solicit and procure orders from distributors in Wisconsin, neither lives in Wisconsin or has authority to accept orders. In the language of the statute itself, all orders for Redken products "require acceptance without this state before becoming binding contracts." Wis.Stat. § 180.801(4)(d). Acceptance occurs, if at all, at Redken's home office in Canoga Park, California.

Redken's only significant presence within the state is in the form of its three representatives who reside and work here, training distributors and salon personnel in the proper use of Redken products and occasionally communicating orders from salon owners to distributors. Under circumstances similar to these, however, the Wisconsin Supreme Court has held that the mere presence of representatives within the state's boundaries is not sufficient to bring a foreign corporation outside the exceptional provisions of Wis.Stat. § 180.-801(4). In *House of Stainless Steel v. Marshall & Ilsley Bank*, 249 N.W.2d 561, 75 Wis.2d 264 (1977), the court was asked to decide whether the plaintiff corporation, holding no certificate of authority to transact business within the state, was nonetheless entitled to bring an action against the defendant by invoking the exemption in Wis.Stat. § 180.801(4), cited above. The Supreme Court found that the plaintiff fell neatly within that statutory exception:

Stainless is an Illinois corporation with its headquarters and principal place of business in Chicago. It employs four full-time Wisconsin salesmen and two secretaries in its Wisconsin office in Wauwatosa. Stainless leases these office facilities along with four automobiles for use by its salesmen in Wisconsin and the Upper Peninsula of Michigan. However, all orders secured in Wisconsin are subject to approval of the general office in Chicago. Thus, orders solicited and secured in this state required main office approval "without this state."

A predecessor statute to sec. 180.847, Stats. requiring a certificate of authority to transact business in this state has been construed not to pertain to matters of interstate commerce. We have there held that a contract made in this state but not to be complete so as to be binding on a foreign corporation party until approved at its home office outside this state, was not within such statute, and that such a contract was a matter of interstate commerce and thus not within the statute.

While the interstate commerce limitation as to the state requirement may well be here applicable, it is enough to hold that the nature and extent of Stainless' operations fit within the sec. 180.801(4) exception to the sec. 180.847(1) requirements of securing a certificate. It follows that Stainless was not required to secure a certificate of authority and is entitled to bring this action in Wisconsin. *House of Stainless, Inc. v. Marshall & Isley Bank,* 249 N.W.2d 561, 563–564, 75 Wis.2d 264, 267–268 (1977); *see also Charles A. Stickney Company v. Lynch,* 158 N.W. 85, 86, 163 Wis. 353, 357 (1916) (a contract "made in this state, but not ... binding ... until approved ... outside this state, is not within [the predecessor statute of § 180.847], and such a contract ... [is a] matter[ ] of interstate commerce and so not within the statute").

The Court finds both the logic and result of the Wisconsin Supreme Court's opinion in *House of Stainless* wholly compelling under the circumstances of the present case and accordingly concludes that the mere presence of three of Redken's representatives' in the state is not sufficient to preclude invocation of the statutory exemption of Wis.Stat. § 180.801(4). Moreover, since subsection (d) of that statute plainly eliminates from the definition of "transacting business" an arrangement like Redken's in which orders solicited or procured in-state are accepted out-of-state only, the Court is persuaded that the plaintiff cannot invoke the process-serving provision of Wis.Stat. § 180.847(4) to join Redken as a party to this action.

## CONCLUSION

For the reasons stated herein, the Court hereby **GRANTS** the motion of defendant Redken Labs, Inc. to quash process as ineffective under Wis.Stat. § 180.847(4) and **DISMISSES** the complaint as to this defendant for insufficiency of process, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

The Court has scheduled a brief **status conference** in this matter for **9:00 a.m., on Thursday, August 30, 1984.** Counsel for the remaining parties to this action should come to the hearing prepared to discuss their expectations regarding the further prosecution and defense of this case.