IN RE the MARRIAGE OF: Judy Ann SHARP, n/k/a Judy Ann DeLaurelle, Petitioner-Appellant,

v.

Timothy Allen SHARP, Respondent-Respondent.

Court of Appeals

*No. 93–2934–FT. Submitted on briefs April 13, 1994.—Decided May 3, 1994.*

(Also reported in 518 N.W.2d 254.)

On behalf of petitioner-appellant, the cause was submitted on the briefs of *Clay F. Teasdale* of *Murphy and Teasdale*, of Marinette.

417

On behalf of respondent-respondent, the cause was submitted on the brief of *John C. Gower* of Oconto Falls.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Judy Ann DeLaurelle, a party to an action to enforce visitation rights, appeals an order rejecting her motion to dismiss or, alternatively, to change venue to Marinette County where she and her four minor children reside.[1] Timothy Allen Sharp, her former husband and the father of the children, commenced the action in Langlade County where he resides. He seeks enforcement or modification of an Indiana judgment and order relating to his visitation rights to the children. Sharp filed the judgment and order in Langlade County as provided by § 822.15, STATS.[2] The circuit court ruled that § 801.50, STATS.,[3] controlling venue in civil actions or special proceed-

---

[1] An order relating to venue is not appealable as a matter of right. *Bahr v. Galonski*, 80 Wis. 2d 72, 84, 257 N.W.2d 869, 874 (1977). We granted leave to appeal by order dated December 2, 1993. This is an expedited appeal under RULE 809.17, STATS.

[2] Section 822.15, STATS., provides:

Filing and enforcement of custody decree of another state. (1)   A certified copy of a custody decree of another state may be filed in the office of the clerk of any circuit court of this state. The clerk shall treat the decree in the same manner as a custody decree of a circuit court of this state. A custody decree so filed has the same effect and shall be enforced in like manner as a custody decree rendered by a circuit court of this state.

[3] Section 801.50, STATS., provides in part:

Venue in civil actions or special proceedings . . . .
(2)   Except as otherwise provided by statute, venue in civil actions or special proceedings shall be as follows:

. . . .
(c)   In the county where a defendant resides . . . .

418

ings, does not apply to actions affecting the family. Instead, the court held that "it's a race to the courthouse" to determine whether the action is commenced in either county, and that Sharp won the race. It also ruled that it lacked discretionary authority to change venue pursuant to § 801.52, STATS.[4] Because we conclude that Langlade County is a proper venue for filing an action to enforce the out-of-state judgment, we affirm that part of the order. However, because the trial court retains discretion to grant a change of venue, we reverse and remand for reconsideration on the merits that part of the order holding to the contrary.

The parties were divorced in Indiana in 1987, and the judgment awarded custody of the minor children to DeLaurelle, subject to Sharp's supervised visitation. A 1989 Indiana court order modified the judgment to deny visitation while Sharp was on probation, granting visitation thereafter only upon a showing that it will not endanger the children. Sometime after the modification order, both parties moved to Wisconsin; DeLaurelle to Marinette County with the children, and Sharp to Langlade County. Sharp filed a certified copy of the Indiana divorce judgment and modification order in Langlade County pursuant to § 822.15, STATS. *See* note 2.[5] He simultaneously petitioned the Langlade

---

[4] Section 801.52, STATS., provides: "Discretionary change of venue. The court may at any time, upon its own motion, the motion of a party or the stipulation of the parties, change the venue to any county in the interest of justice or for the convenience of the parties or witnesses."

[5] Visitation is included within the meaning of § 767.015, STATS., which requires all proceedings relating to the "custody" of children comply with ch. 822, STATS. *Bahr v. Galonski,* 80 Wis. 2d 72, 79-80, 257 N.W.2d 869, 872 (1977).

419

County Circuit Court seeking "modification of the divorce decree" so as to provide him visitation consistent with the 1989 order. DeLaurelle moved to dismiss or, alternatively, to change venue to Marinette County. The court denied each of her requests.

DeLaurelle first sought dismissal for Sharp's failure to file his petition where the "defendant" resides, as provided in § 801.50(2)(c), STATS. *See* note 3. She reasoned that she was inaccurately denominated a petitioner in Sharp's action, based upon her status as petitioner in her Indiana divorce petition and the resulting judgment and order in that state. She should have been denominated a "respondent" in the present proceedings, and thereby a defendant for civil procedural purposes. *See* § 767.05(3), STATS.[6] Thus, she concludes, venue should lie in Marinette County. We disagree with her conclusion.

Section 801.50(2), STATS., states: "*Except as otherwise provided by statute,* venue in civil actions or special proceedings shall be [in the county where the defendant resides]." (Emphasis added.) We must therefore look to § 767.025, STATS., to determine whether it provides an exception to the general civil venue statute. Section 767.025 provides the filing procedure for "all enforcement or modification petitions . . . for actions affecting the family under s. 767.02(1)(i) . . . ."[7]

---

[6] Section 767.05(3), STATS., provides in part: "Parties. The party initiating an action affecting the family shall be denominated the petitioner. The party responding to the action shall be denominated the respondent. All references to 'plaintiff' in chs. 801 to 807 shall apply to the petitioner, and all references to 'defendant' in chs. 801 to 807 shall apply to the respondent."

[7] Section 767.02(1)(i), STATS., relates to actions "[t]o enforce or modify a judgment or order in an action affecting the family *granted in this state or elsewhere.*" (Emphasis added.)

The filing procedures that follow, however, are silent as to the place of filing of a petition to enforce an out-of-state judgment. Subsection (1) only provides the place of filing for a judgment or order "granted by a court of this state . . . ."

The discrepancy between the expansive introductory provision and the limited procedure in subsec. (1) creates an ambiguity. A statute is ambiguous when it can be understood by reasonably well-informed persons in two or more different ways. *Milwaukee Metro. Sewer Dist. v. DNR*, 122 Wis. 2d 330, 336, 362 N.W.2d 158, 161 (Ct. App. 1984). The failure to express the place of filing of a petition to enforce an out-of-state judgment could mean that the general venue statute applies. On the other hand, § 767.025, STATS., states that it applies to all enforcement actions, and because § 822.15, STATS., allows the judgment to be filed in any county, § 767.025 could mean that an out-of-state judgment is deemed rendered where filed and thereby enforced in that county.

The basic function of venue statutes is to set a fair and convenient location for trial. *Voit v. Madison Newspapers, Inc.*, 116 Wis. 2d 217, 224, 341 N.W.2d 693, 698 (1984). Whether § 767.025 or § 801.50, STATS., controls, these provisions do little to assure a fair and convenient location, and therefore the legislative intent is obscure.[8] Section 801.50 provides for venue in the county of the defendant's residence. As often as not, the

---

[8] Section 767.025(2), STATS., does provide that where enforcement of child support, family support or maintenance is at stake, venue may be in the county where the minor children reside. A similar provision for enforcement of legal custody and visitation would seem appropriate.

parent seeking to enforce or modify provisions of the out-of-state judgment would be the parent with custody of the children, and this statute would place venue in the county of the noncustodial parent. On the other hand, if the out-of-state judgment is deemed rendered in the county where filed, the filing party may establish venue anywhere in Wisconsin, and again may bear no relation to the location of the children. Nevertheless, we conclude that the ordinary rules of statutory construction point to § 767.025 as controlling. No part of a statute should be rendered superfluous by interpretation if it is consistent with legislative intent. *State v. Ozaukee County Bd. of Adjust.*, 152 Wis. 2d 552, 559, 449 N.W.2d 47, 50 (Ct. App. 1989). The introductory language to § 767.025 expressly provides that it applies to enforcement of out-of-state judgments. We therefore conclude that this language, read together with § 822.15 that "a custody decree so filed [in Wisconsin] shall be enforced . . . as a custody decree rendered by a circuit court of this state" means that venue lies where the judgment is filed.

This conclusion does not bar the court's ability to exercise its discretion in the interest of justice or for the convenience of the parties as provided by § 801.52, STATS. Contrary to the trial court's determination here, this discretionary provision is applicable to an action to enforce an out-of-state custody/visitation order or judgment if the request for the change is timely made. *Bahr v. Galonski*, 80 Wis. 2d 72, 85, 257 N.W.2d 869, 875 (1977). We therefore reverse that part of the order to the contrary and remand for consideration of DeLaurelle's motion to change venue in the discretion of the trial court.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions. No costs on appeal.