Jeffrey M. KOHLBECK and Jill A. Kohlbeck d/b/a
Dunbars Bear Necessities, Plaintiffs-Appellants,

v.

RELIANCE CONSTRUCTION COMPANY, INC., Defendant,

WISCONSIN DEPARTMENT OF TRANSPORTATION,
Defendant-Respondent.

Court of Appeals

*No. 01–1404. Submitted on briefs November 8, 2001.—Decided
May 9, 2002.*

2002 WI App 142

(Also reported in 647 N.W.2d 277.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *George Burnett* of *Liebmann, Conway, Olejniczak & Jerry, S.C.*, Green Bay.

On behalf of the defendant-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Michael J. Losse*, assistant attorney general.

Before Dykman, Deininger and Lundsten, JJ.

¶ 1. DYKMAN, J. Jill and Jeffrey Kohlbeck sued the Wisconsin Department of Transportation (DOT) and Reliance Construction Company, Inc., alleging that a highway construction project supervised by DOT and performed by Reliance damaged their property. DOT filed a motion to dismiss for failure to state a claim. The circuit court granted the motion, concluding alternatively that the Kohlbecks could not state a claim under Wis. Stat. § 88.87 (1999–2000)[1] because they had failed to ask for equitable relief in their complaint and because, regardless of the sufficiency of their complaint, they had an adequate legal remedy under Wis. Stat. ch. 32. In addition, the court concluded that the Wis. Stat. § 32.10 claim had been brought in the wrong county, and therefore the court had no jurisdiction over that claim. Finally, the court determined that the Kohlbecks could not seek relief under article I, § 13 of the Wisconsin Constitution because § 88.87 provided the sole remedy.

¶ 2. We conclude that the Kohlbecks have stated a claim under Wis. Stat. §§ 88.87 and 32.10, as well as art. I, § 13. The Kohlbecks' complaint seeks injunctive relief. It can be reasonably inferred that they seek an injunction to prevent future harm and that they have no adequate legal remedy. Further, the existence of § 32.10 does not bar the Kohlbecks from seeking

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

injunctive relief and they were not required to prove at the pleading stage that no adequate legal remedy exists. We further conclude that the Kohlbecks have stated a claim under § 32.10 and art. I, § 13 because the Kohlbecks' complaint may be reasonably read to allege that the flooding is an ongoing problem and is therefore a permanent physical occupation of their property. Finally, we conclude that venue is proper in Dane County. Accordingly, we reverse.

## Factual Background and Statutory Overview

¶ 3. In the Spring of 1997, the State of Wisconsin began a road construction project on Highway 8 in Dunbar. The State repaved the highway, widening the lanes and creating a curb. DOT was responsible for designing and constructing the highway. The Kohlbecks own a gas station and reside along a portion of Highway 8 that underwent construction.

¶ 4. The Kohlbecks served a notice of injury on DOT in November 1999. They claimed that the State was negligent in its design, supervision, and maintenance of the construction project, and as a result, they suffered damages. The record does not indicate what action, if any, the State or DOT took at this time in relation to the Kohlbecks' notice.

¶ 5. The Kohlbecks filed this lawsuit in July 2000, naming both DOT and Reliance Construction Co., Inc., the company that performed the construction project, as defendants. The Kohlbecks again alleged that DOT was negligent in its design, construction, inspection, and supervision of the project. More specifically, they alleged that the construction project diverted surface and ground water to their property, causing environmental contamination. In addition, they claimed that

the highway had been expanded so close to their gasoline pumps that they were required to move a pump to another part of the property, costing $35,000 and forcing them to temporarily close their business. Finally, the Kohlbecks claimed that they installed a higher curb line in an attempt to prevent more water from invading their land from the highway.

¶ 6. DOT filed a motion to dismiss, arguing that WIS. STAT. § 88.87 was the sole remedy for the Kohlbecks and that they had failed to state a claim under that statute.[2] Section 88.87 creates an obligation on state and local governments to refrain from obstructing natural drainage when constructing and maintaining highways. Section 88.87(2)(a) provides:

> Whenever any county, town, city, village, railroad company or the department of transportation has heretofore constructed and now maintains or hereafter constructs and maintains any highway or railroad grade in or across any marsh, lowland, natural depression, natural watercourse, natural or manmade channel or drainage course, it shall not impede the general flow of surface water or stream water in any unreasonable manner so as to cause either an unnecessary accumulation of waters flooding or water-soaking uplands or an unreasonable accumulation and discharge of surface waters flooding or water-soaking lowlands. All such highways and railroad grades shall be constructed with adequate ditches, culverts, and other facilities as may be feasible, consonant with sound engineering practices, to the end of maintaining as far as practicable the original flow lines of drainage. This

---

[2] DOT also initially argued that the Kohlbecks' notice of claim was defective, but the circuit court concluded that DOT had abandoned this argument. DOT does not challenge that ruling on appeal, or otherwise assert that the Kohlbecks failed to comply with notice requirements.

paragraph does not apply to highways or railroad grades used to hold and retain water for cranberry or conservation management purposes.

¶ 7. The essence of this provision is that DOT is prohibited from "imped[ing] the general flow of surface water or stream water in any unreasonable manner." *Id.* When DOT fails to follow this requirement, an injured property owner "may bring an action in inverse condemnation under ch. 32 or sue for such other relief, other than damages, as may be just and equitable" if DOT fails to remedy the problem on its own. Wis. Stat. § 88.87(2)(c). Section 88.87 limits the type of relief available to those that are stated in the statute. *See Pruim v. Town of Ashford*, 168 Wis. 2d 114, 122, 483 N.W.2d 242 (Ct. App. 1992).

¶ 8. The circuit court granted DOT's motion to dismiss. The court agreed with DOT that Wis. Stat. § 88.87 provided the exclusive remedy "for damage due to flooding caused by road construction." The circuit court concluded that the Kohlbecks' complaint, properly read, requested money damages only, and that, regardless, the Kohlbecks could not seek equitable relief because Wis. Stat. ch. 32 provided an adequate legal remedy. Further, the circuit court concluded, to the extent the Kohlbecks' complaint stated a claim under Wis. Stat. § 32.10, they filed suit in the wrong county and therefore failed "to advance sufficient facts to establish this court's jurisdiction." Finally, the court concluded that the Kohlbecks could not assert a takings claim as § 88.87 provided their exclusive remedy. The Kohlbecks appeal.

## Opinion

### A. Standard of Review

¶ 9. We review de novo a circuit court's decision granting a party's motion to dismiss for failure to state a claim. In determining whether a party has stated a claim, we are concerned only with the legal sufficiency of the complaint. *Lane v. Sharp Packaging Sys., Inc.*, 2001 WI App 250, ¶ 15, 248 Wis. 2d 380, 635 N.W.2d 896. We accept as true all the factual allegations in the plaintiff's complaint and must make all reasonable inferences in favor of the plaintiff. *Town of Eagle v. Christensen*, 191 Wis. 2d 301, 311–12, 529 N.W.2d 245 (Ct. App. 1995). We will affirm an order dismissing a complaint for failure to state a claim only if it appears to a certainty that no relief can be granted under any set of facts that the plaintiffs could prove in support of their allegations. *Quesenberry v. Milwaukee County*, 106 Wis. 2d 685, 690, 317 N.W.2d 468 (1982). If the facts as pleaded reveal an apparent right to recover under any legal theory, they are sufficient to state a claim. *Hillcrest Golf & Country Club v. City of Altoona*, 135 Wis. 2d 431, 434–35, 400 N.W.2d 493 (Ct. App. 1986).

### B. Relief Requested in Complaint

¶ 10. As noted above, a plaintiff alleging that DOT has injured him or her by unreasonably impeding the flow of water in constructing or maintaining a highway "may bring an action in inverse condemnation under ch. 32 or sue for such other relief, other than damages, as may be just and equitable." Wis. Stat. § 88.87(2)(c). The circuit court concluded and

243

DOT argues on appeal that the Kohlbecks' complaint fails to ask for relief "other than damages." We disagree. The Kohlbecks' amended complaint in its demand for relief requests "Injunctive relief requiring Defendant, Department of Transportation to repair the damage caused by its past conduct." This request is far from specific as it is not clear what the Kohlbecks wish DOT to do in order to repair the damage it allegedly caused. In reviewing a motion to dismiss, however, we are testing only the legal sufficiency of the complaint. We construe the complaint liberally and must determine whether the Kohlbecks are entitled to relief under *any* circumstances. *Heinritz v. Lawrence University*, 194 Wis. 2d 606, 610–11, 535 N.W.2d 81 (Ct. App. 1995). Under this test, the Kohlbecks were not required to specify exactly what their request for injunctive relief would entail. It is sufficient that they "state[d] a cause of action and . . . fairly inform[ed] the opposite party of what it [was] called upon to meet by alleging specific acts." *Wilson v. Continental Ins. Cos.*, 87 Wis. 2d 310, 317, 274 N.W.2d 679 (1979) (internal quotations omitted).

¶ 11. DOT acknowledges that the Kohlbecks' complaint seeks injunctive relief but then suggests that there is no injunctive relief to be had. In its brief and citing to the Kohlbecks' amended complaint, DOT writes: "It is undisputed that plaintiff-appellants repaired the highway to their satisfaction on their own initiative prior to this suit." Because the Kohlbecks have already fixed everything that needs fixing, DOT argues, the Kohlbecks cannot request any further injunctive relief.

¶ 12. This is a mischaracterization of the Kohlbecks' complaint. First, although the Kohlbecks' complaint alleges that they installed a higher curb line to

244

protect their property, nowhere have the Kohlbecks admitted that the highway was repaired "to their satisfaction." Moreover, there is nothing in the complaint suggesting that the Kohlbecks have taken any action with regard to the alleged environmental contamination. According to the factual allegations in the complaint, which we must accept as true, additional work may be needed. DOT cannot convert the Kohlbecks' request for an injunction into one for damages by simply pointing out that the Kohlbecks have made efforts to protect their property on their own.[3]

¶ 13. The circuit court concluded alternatively, and DOT also argues on appeal, that the Kohlbecks may not seek injunctive relief because they have failed to meet the necessary requirements for obtaining such

---

[3] DOT also cites to *Stern v. Credit Bureau of Milwaukee*, 105 Wis. 2d 647, 315 N.W.2d 511 (Ct. App. 1981), to support its assertion that the Kohlbecks are attempting to "amend their complaint" and should be prohibited from arguing a new "theory of relief" on appeal. *Stern* bears no relation to this case. In *Stern* we concluded that the plaintiff could not assert a claim under the Fair Credit Reporting Act after failing to do so before the circuit court, which had granted the defendant's motion for summary judgment. *Id.* at 654–55. However, legal theories need not be fully developed, or even expressly identified, at the pleading stage. *Murray v. City of Milwaukee*, 2002 WI App 62, ¶ 12 n.6, 252 Wis. 2d 613, 642 N.W.2d 541. Moreover, although the Kohlbecks attempt in their briefs to clarify the relief they are requesting by explaining they want DOT to remediate the environmental contamination, this is not a new "theory of relief"; they are still proceeding under Wis. Stat. § 88.87. Because it was unnecessary, as we have noted above, for the Kohlbecks to pinpoint their desired relief in their complaint, they do not need to amend their complaint to survive a motion to dismiss.

relief. To obtain injunctive relief, a litigant generally must show that the injunction is necessary to prevent irreparable injury. *See Pure Milk Prods. Co-op v. National Farmers Org.*, 90 Wis. 2d 781, 803, 280 N.W.2d 691 (1979) ("The purpose of an injunction is to prevent [future] violations"); *see also Fromm & Sichel, Inc. v. Ray's Brookfield, Inc.*, 33 Wis. 2d 98, 103, 146 N.W.2d 447 (1966) ("Past injuries are in themselves no ground for an injunction, and it is only granted when necessary to restrain irreparable mischief, suppress oppressive and interminable litigation or prevent a multiplicity of suits."). In addition, he or she must show that no adequate legal remedy is available, i.e., that the injury cannot be compensated by damages. *See American Mut. Liab. Ins. v. Fisher*, 58 Wis. 2d 299, 305, 206 N.W.2d 152 (1973); *Rapids Assocs. v. Shopko Store, Inc.*, 96 Wis. 2d 516, 520–21, 292 N.W.2d 668 (Ct. App. 1980).

¶ 14. These common law requirements may be modified by statute. *See County of Columbia v. Bylewski*, 94 Wis. 2d 153, 163, 288 N.W.2d 129 (1980) (holding that county did not have to prove irreparable injury under Wis. Stat. § 59.97 to enforce compliance with zoning ordinance because statute did not require such a showing). But neither the Kohlbecks nor DOT argue that the legislature intended to preempt the common law rules regarding injunctive relief and we conclude that it did not. Wisconsin Stat. § 88.87 does not impose on a circuit court a positive duty to grant injunctive relief under specified conditions. Rather, the statute provides an alternative remedy to an action for damages under Wis. Stat. ch. 32. Because both legal and equitable remedies are made available, but the statute indicates no "entitlement" to injunctive relief, we perceive no intent to eliminate the common law preference

for legal over equitable relief. We therefore agree with the circuit court that the Kohlbecks will be required to show that an injunction is necessary to prevent future harm to their property and that they have no adequate legal remedy.

¶ 15. Although we agree that these are the general requirements for obtaining a permanent injunction, we disagree that the Kohlbecks' suit must be dismissed at the pleading stage because they have failed to show an injunction is necessary to prevent future injury or that they have no adequate remedy at law. The Kohlbecks must be given an opportunity to prove that an injunction is necessary to prevent future harm; they were not required to do this in their complaint.

¶ 16. It is also too soon to tell if the Kohlbecks have an adequate remedy at law. The circuit court pointed to Wis. Stat. ch. 32, which provides for inverse condemnation actions and is an authorized remedy under Wis. Stat. § 88.87. It then concluded that because ch. 32 provides damages, the Kohlbecks had an adequate remedy at law and therefore could not request injunctive relief. The circuit court's application of the common law rule would render meaningless the provision in § 88.87 allowing for equitable relief. Initiating a suit for inverse condemnation will *always* be an option under the statute. However, § 88.87(2)(c) expressly provides that injured parties may seek relief "other than damages"; the hypothetical availability of damages under ch. 32 does not mean that in each case those damages will provide an adequate remedy.

¶ 17. DOT argues incorrectly that we held in *Negus v. Madison Gas & Elec. Co.*, 112 Wis. 2d 52, 331 N.W.2d 658 (Ct. App. 1983), that "specific performance was not [an] available remedy to [a] private landowner in [a] suit to require [a] public utility to move [an]

underground cable, since [the] landowner had available [a] right of action in inverse condemnation or [a] right to sue [the] utility for damages." Specific performance was not unavailable to the plaintiff in *Negus* simply because legal remedies were available. Rather, the statutes at issue in *Negus expressly limited* the plaintiff's remedies to either an inverse condemnation action or a claim for damages. *Id.* at 63. WISCONSIN STAT. § 88.87 *expressly provides* injunctive relief as a remedy. *Negus*, therefore, provides no support for DOT.

¶ 18. It may be that the Kohlbecks' injuries are adequately compensable in damages, but we must give them an opportunity to prove otherwise. If the Kohlbecks are continuing to suffer harm as a result of DOT's negligence, then damages under WIS. STAT. ch. 32 may not be adequate. But none of this can be decided at the pleading stage, when no facts have been developed. Admittedly, the Kohlbecks' complaint is not clear regarding exactly how DOT's past conduct continues to harm them. But both we and the supreme court have continually emphasized that notice pleading is not a "game of skill in which one misstep by counsel may be decisive of the outcome." *Korkow v. General Cas. Co. of Wisconsin*, 117 Wis. 2d 187, 193, 344 N.W.2d 108 (1984); *Canadian Pac. Ltd. v. Omark-Prentice Hydraulics, Inc.*, 86 Wis. 2d 369, 373, 272 N.W.2d 407 (Ct. App. 1978). It would be reasonable to infer from the complaint that the allegedly defective design and construction of the highway continues to cause further contamination and other harm for which damages cannot compensate. The circuit court erred in concluding that the Kohlbecks were barred from seeking injunctive relief.

## C. Venue and Inverse Condemnation Claim

¶ 19. After concluding the Kohlbecks were barred from seeking injunctive relief, the circuit court determined that the Kohlbecks' complaint should be construed as seeking relief under WIS. STAT. § 32.10, the inverse condemnation statute. However, the court then noted that § 32.10 requires injured parties to "present a verified petition to the circuit judge of the county wherein the land is situated." Because the Kohlbecks' land is located in Marinette County but the action was brought in Dane County, the court concluded that the "Kohlbecks' inverse condemnation claim must be dismissed for failure to advance sufficient facts to establish this court's jurisdiction."

¶ 20. We first note that, even if we agreed with the circuit court that the Kohlbecks' had failed to state a claim under WIS. STAT. § 88.87, we would still disagree that the circuit court lacked jurisdiction to decide the Kohlbecks' claim under § 32.10. *See* WIS. STAT. § 801.50(1); *Kett v. Community Credit Plan, Inc.*, 228 Wis. 2d 1, 12, 596 N.W.2d 786 (1999) ("[A] defect in venue is not a jurisdictional defect."). When venue is improper, the appropriate response is a motion for a change of venue under WIS. STAT. § 801.51, not a motion to dismiss. *See State ex rel. Hansen v. Circuit Court for Dane County*, 181 Wis. 2d 993, 1001–02, 513 N.W.2d 139 (Ct. App. 1994) ("Section 801.51, Stats., provides that any party may challenge venue on the grounds of noncompliance with § 801.50, Stats., by filing a motion for change of venue. The statute does not provide for dismissal of actions based on improper venue."); *see also* Judicial Council Notes—1983, WIS. STAT. ANN. § 801.50 (West 1994) ("A defect in venue is not jurisdictional and

does not affect the competence of the court. The cure for a defect in venue is to change the place of trial.").

¶ 21. The solution to the venue issue, however, is not as easy as a venue transfer to the county where the Kohlbecks' property is located, as directed by WIS. STAT. § 32.10. Although the Kohlbecks acknowledge the requirements of § 32.10, they refer us to another statute, WIS. STAT. § 801.50(3). That statute requires parties to bring an action in Dane County when the defendant is a state agency "unless another venue is specifically authorized by law." Although § 32.10 "specifically authorize[s]" a claim for damages in Marinette County, § 32.10 would not apply to the Kohlbecks' equitable claim under WIS. STAT. § 88.87. The Kohlbecks therefore contend that these two statutes created a dilemma; while § 32.10 required them to bring their legal claim in Marinette County, § 801.50 required them to bring their equitable claim under § 88.87 in Dane County. We are therefore faced with the question of where venue lies when two statutes direct plaintiffs to bring actions relating to the same facts in two different counties.

¶ 22. DOT suggests that the propriety of venue in Marinette County need not be decided because the Kohlbecks have failed to state a claim under WIS. STAT. § 32.10. This statute provides property owners with a remedy against the government when it has "occupied" the owner's land without instituting condemnation proceedings. The purpose of the statute is to "protect property owners against the slothful actions of a condemnor which, having constructively taken an owner's property, is in no hurry to compensate the owner." *Wilkel v. DOT*, 2001 WI App 214, ¶ 2, 247 Wis.

2d 626, 635 N.W.2d 213; *see also Zinn v. State*, 112 Wis. 2d 417, 432–33, 334 N.W.2d 67 (1983).

¶ 23. The standard for determining a violation under Wis. Stat. § 32.10 is generally the same as that for a taking under art. I, § 13. *See Zinn*, 112 Wis. 2d at 433; *Hillcrest Golf & Country Club*, 135 Wis. 2d at 435 n.1. Land is "taken" under the constitution when, among other things, there has been a "permanent physical occupation." *See Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 428 (1982). Liberally construed, the Kohlbecks' complaint alleges that the flooding has not subsided and diverted water continues to invade their property. This is sufficient to state a claim under art. I, § 13 and § 32.10. *See Anhalt v. Cities and Villages Mut. Ins. Co.*, 2001 WI App 271, ¶¶ 29–31, 249 Wis. 2d 62, 637 N.W.2d 422; *Menick v. City of Menasha*, 200 Wis. 2d 737, 743, 547 N.W.2d 778 (Ct. App. 1996) (holding that there is no taking unless flooding is permanent).[4]

---

[4] We also note that Wis. Stat. § 88.87 does not limit property owners seeking monetary relief to remedies under Wis. Stat. § 32.10 but allows for any "action in inverse condemnation under ch. 32." This would include Wis. Stat. § 32.18, which provides property owners with a remedy against DOT when an owner's property was damaged by a change of grade in the highway, but the damage does not rise to the level of a taking. Although § 32.18 generally requires claims to be brought within ninety days of completion of the highway project, that requirement does not apply when a party is proceeding under Wis. Stat. § 88.87. The final sentence of Wis. Stat. § 32.18 provides: "This section shall in no way contravene, limit or restrict s. 88.87." This suggests that parties are not time-barred from pursuing a claim under § 32.18 so long as they have proceeded timely under § 88.87. DOT has not raised any timeliness issues on appeal.

¶ 24. We are therefore still left with two statutes that suggest venue for the Kohlbecks' claim lies in two different counties: WIS. STAT. § 801.50 in Dane County and WIS. STAT. § 32.10 in Marinette County. In cases involving multiple defendants and multiple transactions, the supreme court has held that the venue requirements must be satisfied for each one of them and therefore the plaintiff must file separate claims in each county. *See Voight v. Aetna Cas. & Sur. Co.*, 80 Wis. 2d 376, 385, 259 N.W.2d 85 (1977); *Caygill v. Ipsen*, 27 Wis. 2d 578, 584, 135 N.W.2d 284 (1965). But this appeal relates only to one defendant and one transaction, so that is not required. Further, requiring the Kohlbecks to try their equitable claim in Dane County and their legal claim in Marinette County would be impractical if not impossible since the availability of the equitable claim is contingent on a showing that there is no adequate remedy at law.

¶ 25. Although the Kohlbecks could theoretically have initiated separate actions in both counties, given both the practical difficulties of trying the claims separately and the interest in judicial economy, it would be an erroneous exercise of discretion for a court in that situation to deny a motion for a change in venue in the interests of justice under WIS. STAT. § 801.52[5] so that both claims could be tried together. We therefore conclude that parties who can state a claim against DOT under both WIS. STAT. § 32.10 and WIS. STAT. § 88.87 may choose to file suit in either Dane County or the

[5] WISCONSIN STAT. § 801.52 provides: "The court may at any time, upon its own motion, the motion of a party or the stipulation of the parties, change the venue to any county in the interest of justice or for the convenience of the parties or witnesses."

county in which the property lies. This conclusion is consistent with the purpose of venue statutes, which is to set a fair and convenient location for trial. *Sharp v. Sharp*, 185 Wis. 2d 416, 421, 518 N.W.2d 254 (Ct. App. 1994). Therefore, upon remand it is unnecessary to transfer the Kohlbecks' inverse condemnation claim to Marinette County.[6]

## D. Takings Claim

¶ 26. In their amended complaint, the Kohlbecks alleged: "The actions of [DOT] have resulted in a taking of the Plaintiff's private property for public use pursuant to [DOT]'s powers of eminent domain." The circuit court dismissed the Kohlbecks' takings claim, concluding that WIS. STAT. § 88.87 provided the exclusive remedy.

¶ 27. We agree with the Kohlbecks that WIS. STAT. § 88.87 cannot preempt a takings claim under the Wisconsin Constitution. *See Stellpflug v. Town Bd. of Waukesha County*, 2000 WI 81, ¶ 25, 236 Wis. 2d 275, 612 N.W.2d 700. Further, we have already concluded that the Kohlbecks stated a claim under art. I, § 13. Therefore, the circuit court erred in dismissing this claim.

¶ 28. The Kohlbecks have stated a claim for relief under WIS. STAT. §§ 88.87, 32.10 and art. I, § 13. Further, there may be other statutes in WIS. STAT. ch. 32,

---

[6] We also need not decide how Reliance Construction Co. affects the venue analysis. Because venue is not jurisdictional, it can be waived. *See* WIS. STAT. § 801.51(1). There is nothing in the record indicating that Reliance has filed a motion challenging the venue; it has therefore consented to venue in Dane County.

such as Wɪs. Sᴛᴀᴛ. § 32.18, that could provide the Kohl-becks with a remedy. Venue is appropriate in Dane County. We therefore remand to the circuit court with directions to proceed in a manner consistent with this opinion.

*By the Court.*—Judgment reversed and cause remanded with directions.